## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

SOOHWAN SONG,          )
                          )

       **Plaintiff,**       )
                          )

**v.**                       )   **CASE NO. 3:18-cv-00740-WKW**
                          )

**JOON, LLC.**          )
                          )

       **Defendant.**     )

## DEFENDANT JOON, LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant JOON LLC ("JOON" or "Defendant") and submit its Answer to the Complaint of Soohwan Song ("Plaintiff" or "Song"),

1.    Answering complaint paragraph one, Defendant admits that Plaintiff purports to bring this action under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq*, but denies that any such violations occurred. Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

2.    Answering complaint paragraph two, Defendant admits that Plaintiff purports to challenge Defendant's classification of Plaintiff. Defendant denies that Plaintiff was misclassified and further denies that any individuals other than

32282045 v1

Plaintiff are in this lawsuit.  Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

3.     Answering complaint paragraph three, Defendant denies the allegations contained in the paragraph and denies any such other employees have been identified.

4.     Answering complaint paragraph four, Defendant, upon information and belief, admits that Plaintiff is an individual that resided in the Middle District of Alabama during the relevant time period.  Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

5.     Answering complaint paragraph five, Defendant admits that JOON is a domestic corporation, and its address is 1500 County Road 177, Cusseta, AL 36852 and further admits that Jae Ik Jang is the registered agent for JOON, and denies the remaining allegations contained in the paragraph.

6.     Answering complaint paragraph six, Defendant admits that its gross volume of sales is over $500,000.00.  Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

7.     Answering complaint paragraph seven, Defendant admits that JOON is subject to the requirements of the FLSA for those whom the FLSA concerns. Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

8.     Answering complaint paragraph eight, Defendant admits that JOON is subject to the requirements of the FLSA for those whom the FLSA concerns. Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

9.     Answering complaint paragraph nine, Defendant admits it does maintain required records for employees, admits Song has been an employee in the past, and denies the allegations of the remaining paragraph.

10.     Answering complaint paragraph ten, Defendant admits that the Middle District of Alabama has subject matter jurisdiction over actions properly brought under 29 U.S.C. §216 (b), and denies this is such an action.  Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

11.     Answering complaint paragraph eleven, Defendant admits that the venue is proper.  Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

12.     Answering complaint paragraph twelve, Defendant admits that JOON is an automobile parts manufacturer and that on its website, it aspires to be the number one automotive parts company.  Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

13.     Answering complaint paragraph thirteen, Defendant admits that Plaintiff worked from July 6, 2015 through on or around Feburary 16, 2018.

Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

14. Answering complaint paragraph fourteen, Defendant admits that Plaintiff was employed as a Senior Specialist. Except as expressly admitted herein, Defendant denies the allegations of the paragraph.

15. Answering complaint paragraph fifteen, Defendant denies the allegations contained in the paragraph.

16. Answering complaint paragraph sixteen, Defendant denies the allegations contained in the paragraph.

17. Answering complaint paragraph seventeen, Defendant denies the allegations contained in the paragraph.

18. Answering complaint paragraph eighteen, Defendant denies the allegations contained in the paragraph, and affirmatively avers that Plaintiff's position at all times satisfied two or more overtime exemptions.

19. Answering complaint paragraph nineteen, Defendant admits that Plaintiff was a salaried employee throughout his employment.

20. Answering complaint paragraph twenty, Defendant denies the allegations contained in the paragraph, and affirmatively avers Plaintiff's position at all relevant times satisfied two or more overtime exemptions.

21. Answering complaint paragraph twenty one, Defendant affirmatively avers that Plaintiff has not defined "regularly," and, without such definition, is unable to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

22. Answering complaint paragraph twenty two, Defendant admits that Plaintiff was exempt from the overtime provisions of the FLSA, and therefore, was not entitled to overtime pay, and denies the allegations of the paragraph.

23. Answering complaint paragraph twenty three, Defendant denies that Plaintiff's annual salary was $52,000 during the relevant time.  Except as expressly admitted herein, Defendant denies the allegations contained in the paragraph.

24. Answering complaint paragraph twenty four, Defendant incorporates its responses to paragraphs 1-23, as if each were set forth verbatim herein.

25. Answering complaint paragraph twenty five, Defendant affirmatively avers that Plaintiff has not defined "regularly," and, without such definition, is unable to admit or deny the allegations of the paragraph and therefore denies the allegations of the paragraph.

26. Answering complaint paragraph twenty six, Defendant denies the allegations contained in the paragraph, and affirmatively avers Plaintiff's position, at all relevant times, satisfied two or more overtime exemptions.

27. Answering complaint paragraph twenty seven, Defendant admits that Plaintiff was exempt from the overtime provisions of the FLSA, and therefore, was not entitled to overtime pay, and denies the remaining allegations of the paragraph.

28. Answering complaint paragraph twenty eight, Defendant denies the allegations contained in the paragraph.

29. Answering complaint paragraph twenty nine, Defendant denies the allegations contained in the paragraph.

30. Answering complaint paragraph thirty, Defendant denies the allegations contained in the paragraph, and affirmatively avers Plaintiff's position, at all times, satisfied two or more overtime exemptions.

31. Answering complaint paragraph thirty one, Defendant denies the allegations contained in the paragraph.

32. Answering complaint paragraph thirty two, Defendant incorporates its responses to paragraphs 1-31, as if each were set forth verbatim herein.

33. Answering complaint paragraph thirty three, Defendant denies that Song has established a cause of action on his own behalf, and denies this action contains any individuals other than Song, denies any other individuals are similarly situated to Song, and denies the remaining allegations of the paragraph.

34.    Answering complaint paragraph thirty four and each of its subparts, Defendant denies that this action contains any individuals other than Song, and denies the remaining allegations of the paragraph.

In response to the "WHEREFORE" paragraph of the Complaint, including subparts 1 through 8, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever, and affirmatively avers that .

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs was exempt from being paid overtime in accordance with 29 U.S.C. § 213 because Plaintiff fell within the Executive, Administrative, and/or other Exemptions to the Fair Labor Standards Act ("FLSA") Overtime Requirement.

### SECOND DEFENSE

Plaintiff is foreclosed from recovering time and one-half for any hours worked for any weeks in which he did not work more than 40 hours during the week.

### THIRD DEFENSE

Plaintiff has been paid appropriately for all hours worked during her employment for Defendant.

32282045 v1

## FOURTH DEFENSE

In the alternative to the First, Second, and Third Defenses, Defendant avers that at any violation of Federal Overtime Requirements occurred in good faith, with reasonable grounds on Defendant's part to believe they were not violating the FLSA, and were not "willful."

## FIFTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable limitations period and/or laches.

## SIXTH DEFENSE

All, or part, of the time for which Plaintiff seeks compensation does not constitute compensable working time within the meaning of the Fair Labor Standards Act and applicable regulations.

## SEVENTH DEFENSE

Some or all of the claims in the Complaint and the relief sought are barred by the equitable doctrines of waiver, estoppel, and/or unclean hands.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims are *de minimis*, and therefore, noncompensable.

## NINTH DEFENSE

Some or all of the plaintiffs in the purported collective action class are exempt from being paid overtime for some of the weeks they worked because they

fall within the executive, motor carrier, and/or professional exemptions to the FLSA's overtime requirements.

## TENTH DEFENSE

Defendant denies that plaintiff has shown that others wish to join this action.

## ELEVENTH DEFENSE

Plaintiff's Complaint has failed to state a claim on which relief may be granted:

1. Plaintiff has made no such claim on his own behalf; and

2. Plaintiff has made no such claim on behalf of others.

## TWELFTH DEFENSE

Defendants entitled to a setoff for weekend premium pay.

## THIRTEENTH DEFENSE

Defendant denies all allegations not expressly admitted herein and reserve the right to amend this answer.

*/s/ John J. Coleman, III*

John J. Coleman,, III (asb-6234-m64j)
Ingu Hwang (asb-2647-n75h)

Attorneys for Defendant
JOON, LLC

**OF COUNSEL:**

**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
Email:        jcoleman@burr.com
                 ihwang@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 12th day of September 2018:

Brian G. Kim
1815 Satellite Blvd., #303
Duluth, GA  30097
brian@leonandkim.com

*/s/ John J. Coleman, III*
OF COUNSEL

32282045 v1                                              10